**E-FILED**
Monday, 22 January, 2007  03:49:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CIVIL NO._____ |
| | ) | |
| C & C GLOBAL ENTERPRISES LLC, a Florida | ) | |
| limited liability company not registered to transact | ) | |
| business in Illinois, d/b/a www.webuyresorts.com | ) | |
| and www.resortsellers.com; | ) | |
| | ) | |
| NEELA PUNDIT individually and as manager of | ) | |
| C & C Global Enterprises d/b/a www.webuyresorts.com | ) | |
| and www.resortsellers.com; and | ) | |
| | ) | |
| CHARLES ROSSOP, individually and as president of | ) | |
| C & C Global Enterprises d/b/a www.webuyresorts.com | ) | **COMPLAINT FOR** |
| and www.resortsellers.com; | ) | **INJUNCTION AND** |
| | ) | **OTHER EQUITABLE** |
| Defendants. | ) | **RELIEF** |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

NOW COMES the plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by Lisa

Madigan, Attorney General of the State of Illinois, and brings this action pursuant to the Telephone

Consumer Protection Act, 47 U.S.C. §227, *et seq*., ("TCPA"), and pursuant to the Illinois Consumer

Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, ("Consumer Fraud Act"), and

Attorney General Madigan's common law authority to represent the people of the State of Illinois,

complaining of the defendants, C & C Global Enterprises, LLC d/b/a www.webuyresorts.com and

www.resortsellers.com, a limited liability company which has not obtained a certificate of authority

from the Illinois Secretary of State to transact business in Illinois as a foreign limited liability company, Neela Pundit, individually and in her capacity as manager of C & C Global Enterprises, LLC and Charles Rossop, individually and in his capacity as president of C & C Global Enterprises, LLC and states as follows:

## JURISDICTION AND VENUE

1.    This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 47 U.S.C. §227(f)(2), and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. §1367.

2.    Venue in this matter is proper in this judicial district pursuant to 28 U.S.C. §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 47 U.S.C. §227(f)(4), in that defendants have transacted business in this district.

3.    The plaintiff notified the Federal Communications Commission of this civil action in writing on or about January 5, 2006.

## PARTIES

4.    Plaintiff, THE PEOPLE OF THE STATE OF ILLINOIS, by Lisa Madigan, Attorney General of the State of Illinois, is authorized by 47 U.S.C. §227(f)(1) to file actions in federal district court to enjoin violations of and enforce compliance with the TCPA on behalf of residents of the State of Illinois, and to obtain actual damages or damages of $500 for each violation, and up to treble that amount for each violation committed willfully or knowingly.

5.    The plaintiff, by Lisa Madigan Attorney General of the State of Illinois, is charged, *inter alia*, with the enforcement of the Consumer Fraud Act.

6.    Defendant  C  &  C  Global  Enterprises,  LLC  d/b/a  www.webuyresorts.com  and

www.resortsellers.com, ("GLOBAL") is a limited liability company which has not obtained

a certificate of authority from the Illinois Secretary of State to transact business in Illinois as

a foreign limited liability company.

7.     GLOBAL's principal place of business is at 140 North Beach Street, Daytona Beach, Florida

       32114.

9.     Neela Pundit ("PUNDIT") is sued individually and in her capacity as manager of GLOBAL.

10.    PUNDIT formulated, directed, controlled and had knowledge of the acts and practices of

       GLOBAL, and, at all times relevant hereto, was an officer, director, owner and/or agent of

       GLOBAL.

11.    To adhere to the fiction of separate corporate existence between PUNDIT and GLOBAL,

       would serve to sanction fraud and promote injustice.

12.    Charles Rossop ("ROSSOP") is sued individually and in his capacity as president of

       GLOBAL.

13.    ROSSOP formulated, directed, controlled and had knowledge of the acts and practices of

       GLOBAL, and, at all times relevant hereto, was an officer, director, owner and/or agent of

       GLOBAL.

14.    To adhere to the fiction of separate corporate existence between ROSSOP and GLOBAL,

       would serve to sanction fraud and promote injustice.

15.    For the purposes of this Complaint, any references to the acts and practices of GLOBAL shall

       mean that such acts and practices are by and through the acts of said entity's owners, officers,

       directors, employees, partners, or other agents.

**DEFENDANTS' COURSE OF CONDUCT**

16.     Beginning at least on October 23, 2006 and continuing until on or about November 7, 2006, defendants operated the websites www.webuyresorts.com and www.resortsellers.com.

17.     On these websites, defendants offered to provide, for a fee, a listing service to consumers who wish to sell their timeshares.

18.     In order to solicit business for this website, defendants sent unsolicited text messages to the wireless phones of Illinois residents.

19.     Beginning on November 3, 2006, Illinois residents began receiving these text messages from defendants alerting them that "We have someone interested in buying or renting your Time Share" and directing the person to logon to www.webuyresorts.com or www.resortsellers.com for more information.

20.     In many cases, the consumer contacted did not own a time share.

21.     According to a complaint filed by Cingular Wireless against the defendants, between October 21, 2006 and November 7, 2006, defendants sent more than five million unsolicited text messages to Cingular Wireless customers nationwide.[1]

22.     Upon information and belief, defendants used an automatic telephone dialing system ("autodialer") as defined by the TCPA to transmit these messages to consumers.[2]

23.     At the time this complaint is filed, the Plaintiff has received 66 written complaints from

------

[1]  Civil Action File No. 1: 06-CV-2733, United States District Court for the Northern District of Georgia, Atlanta Division.

[2]  *See* 47 U.S.C. § 227(a)(1) (defining "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers"); 47 C.F.R. § 64.1200(f)(1) ("The terms automatic telephone dialing system and autodialer mean equipment which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers").

consumers complaining that they received these unsolicited text messages from defendants and 190 complaints by phone.

24.    Upon information and belief, thousands of Illinois consumers received these unsolicited text messages from the defendants.

25.    Depending upon the recipients' wireless plan for receipt of text messages, the messages sent by the defendants costs the recipients either money or a reduction in the number of available text messages the recipient is allowed to receive per month before incurring additional per message charges beyond the charge for the first block of messages.  The receipt of these unsolicited text messages also drains the consumers' wireless telephone battery power.

26.    In order to accept the defendants' offer a consumer logs  on to either www.webuyresorts.com or www.resortsellers.com and fills out a form on the website.

27.    After filling out the form, the defendants call the consumer to get the consumer's information on the time share.

28.    The defendants then charge the consumer's credit card and promise to send information the consumer can use to complete the listing.

29.    Upon information and belief, the defendants do not send the information to consumers to allow them to complete the listing and do not provide a listing at all.

## APPLICABLE STATUTE

### FEDERAL

30.    The TCPA, enacted in 1991, amended the Communications Act of 1934 by adding 47 U.S.C. §227, which provides:

> It shall be unlawful for any person within the United

> States, or any person outside the United States if the
> recipient is within the United States– (A) to make any call
> (other than a call made for emergency purposes or made
> with the prior express consent of the called party) using any
> automatic telephone dialing system or an artificial or
> prerecorded voice – ... (iii) to any telephone number
> assigned to a paging service, cellular telephone service,
> specialized mobile radio service, or other radio common
> carrier service, or any service for which the called party is
> charged for the call ...

47 U.S.C. §227(b)(1)(A)(iii).

31.     In July, 2003, The Federal Communication Commission declared the TCPA encompasses

both voice calls and text calls to wireless numbers including short message service (SMS)

calls.  *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, CG Docket No. 02-278 (Rel. July 3, 2003).

32.     Therefore, the prohibition on using an automatic telephone dialer to "make any call other

than a call made for emergency purposes or made with the prior express consent of the

called party" applies to text messages sent to wireless phones.

33.      Subsection (f)(1) of the TCPA authorizes the Attorney General of Illinois to file this

action against the defendants, providing:

> Whenever the attorney general of a State, has reason to
> believe that any person has engaged or is engaging in a pattern
> or practice of telephone calls or other transmissions to residents
> of that State in violation of this section or the regulations
> prescribed under this section, the State may bring a civil action
> on behalf of its residents to enjoin such calls, an action to
> recover for actual monetary loss or receive $500 in damages for
> each violation, or both such actions.  If the court finds the
> defendant willfully or knowingly violated such regulations, the
> court may, in its discretion, increase the amount of the award to
> an amount equal to not more than 3 times the amount available
> under the preceding sentence.

**STATE**

34.    Section 2 of the Consumer Fraud Act, provides:

>    Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment of
> any deception, fraud, false pretense, false promise,
> misrepresentation or the concealment, suppression or omission of
> any material fact, with intent that others rely upon the concealment,
> suppression or omission of such material fact, or the use or
> employment of any practice described in section 2 of the 'Uniform
> Deceptive Trade Practices Act', approved August 5, 1965, in the
> conduct of any trade or commerce are hereby declared unlawful
> whether any person has in fact been misled, deceived or damaged
> thereby.

35.    Subsection 1(f) of the Consumer Fraud Act, defines "trade" and "commerce" as follows:

>    The terms 'trade' and 'commerce' mean the advertising, offering
> for sale, sale, or distribution of any   services and any property,
> tangible or intangible, real, personal, or mixed, and any other
> article, commodity, or thing of value wherever situated, and shall
> include any trade or commerce directly or indirectly affecting the
> people of this State.

36.    The defendants were, at a time known to the defendants and unknown to the plaintiff, but

no later than November 3, 2006, engaged in trade and commerce in the State of Illinois,

in that defendants directed numerous unsolicited text messages advertising their services

to consumers located in Illinois.  Defendants also offered for sale and accepted money

from Illinois consumers for allegedly providing a listing service to consumers who

wanted to sell their timeshares.

37.    Section 7 of the Consumer Fraud Act, provides:

-7-

Whenever the Attorney General has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by the Act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the State against such person to restrain by preliminary or permanent injunction the use of such method, act or practice.  The Court, in its discretion, may exercise all powers necessary, including but not limited to:  injunction, revocation, forfeiture or suspension of any license, charter, franchise, certificate or other evidence of authority of any person to do business in this State; appointment of a receiver; dissolution of domestic corporations or association suspension or termination of the right of foreign corporations or associations to do business in this State; and restitution.

In addition to the remedies provided herein, the Attorney General may request and this Court may impose a civil penalty in a sum not to exceed $50,000 against any person found by the Court to have engaged in any method, act or practice declared unlawful under this Act.  In the event the court finds the method, act or practice to have been entered into with intent to defraud, the court has the authority to impose a civil penalty in a sum not to exceed $50,000 per violation.

38.    Section 10 of the Consumer Fraud Act, provides:

In any action brought under the provisions of this Act, the Attorney General is entitled to recover costs for the use of this State.

## VIOLATIONS

### COUNT I - VIOLATION OF THE TCPA

39.    Defendants violated 47 U.S.C §227(b)(1)(A)(iii), by using an automatic telephone dialing system to send unsolicited, non-emergency text messages to telephone numbers assigned to a cellular telephone service for which the called party is charged for the message.

### PRAYER FOR RELIEF - COUNT I

WHEREFORE, the plaintiff prays that this honorable Court enter an Order:

-8-

A.    Finding that defendants have violated the TCPA;

B.    Permanently enjoining defendants from violating the TCPA, both generally, and
      specifically, by enumerating the acts in which defendants is permanently enjoined from
      engaging;

C.    Assessing against defendants damages of $1,500 for each violation of the TCPA found by
      Court to have been committed by defendants willfully and knowingly; if the Court finds
      defendants have engaged in violations of the TCPA which are not willful and knowing,
      then assessing against defendants damages of $500 for each violation of the TCPA, as
      provided by 47 U.S.C. §227;

D.    Assessing against defendants all costs incurred by the plaintiff; and

E.    Awarding such other relief as justice and equity may require.

### COUNT II - CONSUMER FRAUD ACT

40.   Paragraphs 1 through 38 are incorporated herein by reference.

41.   The defendants have engaged in a course of trade or commerce which constitutes unfair
      acts or practices declared unlawful under section 2 of the Consumer Fraud Act, by
      sending unsolicited text messages to Illinois consumers, which acts either cost the
      recipient money or reduce the number of available text messages the recipient is allowed
      to receive per month pursuant to the consumers' wireless service plan, and deplete the
      consumers' wireless phone battery power.

42.   The defendants have engaged in a course of trade or commerce which constitutes
      deceptive acts or practices declared unlawful under section 2 of the Consumer Fraud Act,
      by representing, via unsolicited text message, they have a buyer for the recipient's

timeshare, when in fact they do not know whether the recipient owns a timeshare.

43.     The defendants have engaged in a course of trade or commerce which constitutes

deceptive acts or practices declared unlawful under section 2 of the Consumer Fraud Act,

by accepting money for an alleged time share listing service without collecting the

sufficient information needed to produce such a listing and failing to provide promised

listing services.

PRAYER FOR RELIEF - COUNT II

WHEREFORE, the plaintiff prays that this honorable Court enter an Order:

A.     Finding that the defendants have violated section 2 of the Consumer Fraud Act;

including, but not limited to, the unlawful acts and practices alleged herein;

B.     Temporarily, preliminarily, and permanently enjoining the defendants from engaging in

business in the State of Illinois;

C.     Declaring that all contracts entered into between the defendants and Illinois consumers by

the use of methods and practices declared unlawful are rescinded and requiring that full

restitution be made to said consumers;

D.     Assessing a civil penalty in the amount of Fifty Thousand Dollars ($50,000) per violation

of the Act found by the Court to have been committed by the defendants with the intent

defraud; if the Court finds the defendants have engaged in methods, acts or practices

declared unlawful by the Act, without the intent to defraud, then assessing a statutory

civil penalty of Fifty Thousand Dollars ($50,000), all as provided in section 7 of the

Consumer Fraud Act;

E.     Requiring the defendants to pay all costs for the prosecution and investigation of this

-10-

action, as provided by section 10 of the Consumer Fraud Act; and

F.    Providing such other and further equitable relief as justice and equity may require.

Respectfully submitted,
THE PEOPLE OF THE STATE OF
ILLINOIS, by Lisa Madigan,
ATTORNEY GENERAL OF ILLINOIS


 /s/ Elizabeth Blackston
Elizabeth A. Blackston
Chief, Consumer Fraud Bureau, Southern Region


/s/ Philip Heimlich
Philip Heimlich (#06286375)
Assistant Attorney General
Consumer Fraud Bureau
500 South Second Street
Springfield, IL 62706
Telephone:  (217) 782-4436
(Lead attorney for this matter)

-11-